John T. Ennis, Administrator to Collect of the Estate of Robert E. Lease, Deceased, Plaintiff-Appellant, v. Illinois State Bank of Quincy, as Executor of the Purported Last Will and Testament of Alice C. Lease, Deceased, and Successor Trustee of the Trust Created by the Purported Last Will and Testament of Alice C. Lease, Deceased, Department of Conservation of the State of Illinois, St. Joseph's Hospital for the Chronically Ill, Holy Redeemer Church of Barry, Illinois, Alva A. Lewton, Ferne S. Hull, Mabel Lease, Lois Lewton, Individually and as Administrator of the Estate of Daisy F. Lease, Deceased, Nelson Lewton, Louis Lewton, Victor Hull, Elise Viar, Lincoln's New Salem State Park and Akers Chapel Cemetery Association, Defendants, Illinois State Bank of Quincy, as Executor of the Purported Last Will and Testament of Alice C. Lease, Deceased, Defendant-Appellee.

Gen. No. 10,983.

Fourth District.

June 12, 1969.

Pollock & Ennis, of Quincy (Henry W. Pollock, of counsel), for appellant.

Bier & Bier, of Quincy, for appellee.

MATHERS, J.

A complaint in equity was filed on August 28, 1965, by Robert Lease and Robert Nelson Lewton, to set aside the Last Will and Testament and a Codicil thereto of Alice C. Lease, Deceased, naming the Illinois State

Bank of Quincy as principal defendant, alleging undue influence by the bank and its agents and a lack of testamentary capacity by deceased. Also named as nominal defendants were a number of heirs and Alva A. Lewton, a tenant farmer of the deceased.

For an understanding of the issues involved we summarize the salient portions of the record. Alice C. Lease died on January 10, 1965, leaving her surviving Robert E. Lease, her brother, Robert Nelson Lewton, a nephew, and her sisters, Daisy Lease, Lois Lewton and Ferne Hull.

The will was drawn on August 18, 1952, and the codicil was executed on December 6, 1963.

Small bequests of personal belongings were made to each of the heirs and the balance of the estate, consisting of a 210-acre farm was devised one-quarter to Alva Lewton, a tenant on the farm since 1945, and three-quarters to Daisy Lease, for their respective lives. Upon the death of either life tenant that portion was to go to the survivor. Upon the death of both life tenants, the will gave the remainder to St. Joseph's Hospital for the Chronically Ill, but the codicil changed this beneficiary to the Holy Redeemer Church of Barry, Illinois.

Before the complaint was filed Daisy Lease died, leaving Alva Lewton as the sole life tenant.

On the date of trial, November 15, 1967, plaintiffs sought to file an amendment to the complaint by making Alva Lewton the principal defendant, alleging an agency, a fiduciary relationship and undue influence by Mr. Lewton. The trial court denied this motion. During the trial the court restricted the testimony of certain witnesses and at the conclusion of plaintiffs' evidence again refused to permit the amendment to the complaint and granted a motion for directed verdict for the defendants.

This appeal follows, seeking a reversal of the trial court's decisions and requesting that the case be remanded for a new trial.

74

Amendment of pleadings is governed by section 46 of the Civil Practice Act (Ill Rev Stats 1967, c 110) which reads in part:

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or fenses, . . . .

"(3) A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just."

■ ■ Illinois has long permitted a policy of permitting liberal amendment of pleadings. Over a century ago the Illinois Supreme Court stated that amendments should be freely allowed to preserve rights and advance justice, as long as such amendments do not work to the surprise or prejudice of the opposite party. Miller v. Metzger, 16 Ill 390, 6 Peck 390 (1855). More recently the Court stated that section 46 is to be construed liberally "to the end that controversies may be speedily and finally determined" . . . and real justice attained. Thompson v. People, 410 Ill 256, 102 NE2d 315.

■ ■ Despite this liberal policy, parties do not have an absolute right to amend their pleadings. Amendments are only permitted at the trial court's discretion. This point has particular significance in deciding the appeal of the case under consideration because our courts have had two divergent policies—a policy favoring liberal amendments of pleadings and a policy against unduly restricting a trial judge in matters falling generally within his discretion. The determining factor for overruling a judge's disallowance of a motion to amend must

75

be found in a "clear abuse of his discretion," considering the peculiar facts and circumstances of the case and the impact upon all the parties in permitting or not permitting the motion.

█ The plaintiff's motion to amend in the instant case does not fall clearly in the express categories enumerated in section 46. He did not change his basic theory in the contest of the will, but on the date of trial made new allegations of fiduciary relationship, agency and undue influence against a party defendant who originally was a nominal party to the proceeding. The test to be applied in determining whether discretion was properly exercised in denying an amendment to the pleadings is whether it "furthers the ends of justice." Lahman v. Gould, 82 Ill App2d 220, 226 NE2d 443 (1967). In this regard the court may determine the ultimate efficacy of a claim in passing on a motion to amend and whether plaintiff had previous opportunities to assert his claim. Bowman v. County of Lake, 29 Ill2d 268, 193 NE2d 833. See also Fleming James Jr.'s Civil Procedure, pars 5.2–5.10 (1965).

Trial courts have broad discretion in allowing or refusing amendments. Lowrey v. Malkowski, 20 Ill2d 280, 170 NE2d 147.

The facts in our case are quite similar to those in Brockob Const. Co. v. Trust Co. of Chicago, 6 Ill App2d 565, 128 NE2d 620, where appellants contended that the trial court erred in denying their motion for a continuance *filed on the date of trial,* in order that they might file a third-party proceeding. This motion was made orally, without prior notice to either the court or opposing parties. The purpose of the amendment was to bring in the managing trustees who had succeeded appellants. The court held that:

> "In any event, a motion for leave to amend pleadings is addressed to the sound discretion of the court and a judgment will not be reversed for a

76

refusal to allow an amendment unless there has been an abuse of discretion. This is particularly true where the proposed amendment undertakes the institution of a third party proceeding and is made on the day the case is ready for trial, so that not only the granting of the amendment is involved but the settling of pleadings in a new proceeding, with the delays and continuances that would accompany it. The court properly denied the motion." (P 570.)

Applying the principles and criteria outlined above, let us examine the chronological events that transpired beginning with the filing of the original complaint on the 28th day of August, 1965, brought by Robert E. Lease and Robert Nelson Lewton. This complaint makes all the legatees and devisees party defendants in addition to Alva Lewton. It alleges that undue influence was exercised by the Illinois State Bank and that the deceased, Alice Lease, did not have sufficient physical and mental capacity to execute a will and codicil. There are no allegations of wrongdoing on the part of Alva Lewton. Some of the legatees filed answers, and some filed waivers and entries of appearance. The defendant Alva Lewton filed an answer, on October 1, 1965.

On August 31, 1967 a pretrial conference was held and the case was set for trial on September 11. A stipulation and agreement was filed by counsel for the parties that "the pleadings will be deemed merged herein." On September 11 one of the plaintiffs, Robert Lewton, made an oral motion requesting a continuance and on September 12, filed a verified written motion stating that he resided in California and that he had been in Adams County for five weeks awaiting the trial, that he was in danger of losing his job in California, that he should be back at work, and asking for a later trial date setting. This motion was granted and the case was set for trial on November 13. On October 2, 1967, a second pretrial

77

order was filed setting the case for November 15. On October 23, 1967, plaintiffs' counsel, Mr. Schmiedeskamp, withdrew and present counsel, Mr. Pollock, was substituted. The order granting the withdrawal and substitution stated, "Jury trial setting for November 13, 1967 confirmed." The record does not indicate that Mr. Alva Lewton or his counsel attended any of these pretrial conferences.

On Wednesday, November 15, the date of trial, appearances were made by Mr. Pollock for plaintiffs, Robert Bier for Illinois State Bank, and Keefe and Snowden for St. Joseph's Hospital. The record shows that a motion was made by Mr. Pollock to withdraw Mr. Robert N. Lewton as a party plaintiff and for him to enter his appearance as a party defendant. Objection made by Attorney Bier was overruled, the motion allowed, and Mr. Lewton entered his appearance as a defendant.

The record discloses no valid reason why the subject matter of the amendment was not included in the original pleading, or the amendment offered sooner than the day of trial. Mr. Pollock said on the date of trial: "I did not know about this matter until I got into the case on Monday," yet the record would show that he had been in the case over three weeks. The transcript also shows that Mr. Robert Lewton had been in Quincy "five weeks awaiting the trial," that the case was actually called for trial on the 15th day of November when it was originally set for the 13th.

█ No motion for continuance was made on behalf of any of the parties. To have proceeded to trial would undoubtedly have prejudiced Mr. Alva Lewton, whose counsel was not present on that date (November 15, 1967) and he would have had to defend these new charges of a fiduciary relationship, agency, undue influence, etc. This, likewise, might have been prejudicial to the other defendants who had filed answers before the realign-

78

ment of the parties. We think the trial court was correct in denying the motion to amend.

■ Our Illinois Courts also have a policy permitting amendment of pleadings to conform to proof adduced at the trial but the materiality to the evidence already produced must be apparent. McCartney v. McCartney, 8 Ill2d 494, 134 NE2d 789 (1956).

The trial record fails to reveal any evidence of agency, undue influence or fiduciary relationship by Alva Lewton. Therefore, the second denial of plaintiff's motion by the court at the conclusion of plaintiff's evidence was not "an abuse of discretion."

■ Finally, we consider the propriety of the motion for a directed verdict. Such a motion in a will contest is governed by the same rules as other proceedings at law. The contestants in such an action are entitled to the benefit of the evidence considered in its most favorable light together with all reasonable inferences to be drawn therefrom, but the question on review is whether there is any evidence tending to prove either undue influence on the part of the defendant, Illinois State Bank, or lack of testamentary capacity on behalf of the deceased.

■ Some portions of the evidence, together with the provisions of the will and codicil seem to prove that Alice C. Lease possessed some peculiarities, but the testimony of the witnesses at the trial also establishes that she was a retired school teacher, intelligent, mentally alert and still conducting her own business affairs after the effective dates of her will and codicil. These physical and mental characteristics would seem to meet the test that the testator had sufficient mind to understand that she was making a will, comprehended what property she was disposing of and knew the natural objects of her bounty. In re Estate of Gray, 39 App2d 239, 188 NE2d 379.

79

■ It is well established that eccentricities, uncleanliness, or neglect of person do not constitute a lack of testamentary capacity. Quellmalz v. First Nat. Bank of Belleville, 16 Ill2d 546, 158 NE2d 591.

■ We believe it unnecessary to discuss the testimony of each witness, much of which is cumulative, unrelated to the issues in the case and of no evidentiary value to show the condition of the testatrix' mind on the dates in question. We find no evidence introduced to prove the allegations of the complaint as to lack of testamentary capacity of the deceased, or the exercise of undue influence on the part of the defendant, Illinois State Bank of Quincy. Under these conditions the court is compelled to grant a motion for the defendant for a directed verdict. (See Malone v. Malone, 26 Ill App2d 291, 167 NE2d 703.)

Accordingly, the decision of the Circuit Court of Adams County is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.