Chester BALARK, Plaintiff,

v.

ETHICON, INC., Defendant.

No. 83 C 3507.

United States District Court,
N.D. Illinois, E.D.

Dec. 27, 1983.

---

Robert M. Hodge, Chicago, Ill., for plaintiff.

Marian C. Haney, Michael G. Cleveland, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff brought the instant lawsuit seeking to have the court confirm and enter judgment upon an arbitration award. In addition, plaintiff seeks to obtain damages under theories of retaliatory discharge and intentional infliction of emotional distress. Jurisdiction over the instant

matter is based on diversity of citizenship. 28 U.S.C. § 1332. Before the Court is defendant's Motion to Dismiss. For the reasons stated herein, defendant's Motion to Dismiss is granted.

On May 11, 1982, because of unexcused absences, plaintiff was discharged from his employment with defendant. Plaintiff grieved the discharge under the collective bargaining agreement and on November 24, 1982 received an arbitrator's decision directing that plaintiff be reinstated upon a finding of medical fitness for work by an orthopedic physician mutually agreeable to the parties. On January 24, 1983, plaintiff was deemed to be medically fit and, on the following day, was reinstated to the employment roll. Immediately thereafter, however, he was discharged under a different section of the collective bargaining agreement. In connection with this discharge he was told, by letter dated February 7, 1983, that he had violated defendant's standards of behavior by exhibiting "the most reprehensible of employee conduct by deliberately and intentionally creating a significant work place disturbance and by making false and malicious statements against Supervisor Richard Owens which culminated in (plaintiff's) ... filing against Supervisor Owens totally unwarranted false criminal assault charges which in turn were not sustained in trial proceedings."

On April 21, 1983 the instant lawsuit was filed in state court. The case was subsequently removed to this Court.

Plaintiff's complaint is in three counts. In Count I, plaintiff asks the Court to confirm and enter judgment on the arbitration award. Count II is based on a theory of retaliatory discharge. Finally, in Count III, plaintiff attempts to assert a claim based on intentional infliction of emotional distress. The Court will address each count separately as it relates to the Motion to Dismiss.

*Count I*

In Count I, plaintiff asks this Court to confirm and enter judgment on the arbitration award, thus permitting enforcement of the award as any other judgment or decree. Ill.Rev.Stat. ch. 10 ¶¶ 111, 114 (1981).

Plaintiff's grievance dealt solely with the issue of whether he was properly terminated under Article III, Section D2(a) of the applicable collective bargaining agreement, which provides:

An employee shall be deemed to have quit his/her job voluntarily if (a) he/she is absent from work for three consecutive days without good cause.

Plaintiff's absence from work on May 7, 8 and 10 allegedly caused his termination. Plaintiff argued to the arbitrator that his absence from work was not without good cause as two physicians had diagnosed him as being unable to work during the period of his absence, despite the fact that various company physicians had deemed him fit to return to work on those dates and that X-rays revealed no abnormalities or other objective findings of disability.

The arbitrator ruled that plaintiff's absence was not without good cause and ordered that plaintiff could not be terminated based on such absence. Upon a finding of medical fitness by a physician agreeable to both parties, plaintiff was to be reinstated to his position. Plaintiff was in fact reinstated, only to be terminated immediately thereafter because of his previously having violated defendant's standards of behavior.

Plaintiff's second termination was for grounds wholly independent of those contained in the grievance. Confirmation and enforcement of the arbitrator's decision would therefore be ineffective as to those grounds which form the basis of plaintiff's most recent termination.

▮ Defendant fully complied with the arbitrator's decision. Indeed, in his verified complaint, plaintiff admits that he was reinstated by defendant. In essence, plaintiff seeks relief on issues never submitted to arbitration. It is well settled that a court's function in confirming an arbitration award is severely limited. *Amiciza Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805 (2nd Cir. 1960). The court's power of enforcement is

restricted to those matters dealt with in the arbitrator's award. As plaintiff here seeks to have the Court enter judgment on matters outside of the arbitrator's decision, Count I must be dismissed. Such matters must first be presented to the arbitrator as provided in the collective bargaining agreement.[1] Only upon the arbitrator's decision as to these matters, here concerning plaintiff's discharge for misconduct under Article II, Section E of the collective bargaining agreement, may the Court confirm the award and enter judgment on those issues.

■ The Court's decision in this regard envelopes plaintiff's arguments regarding both the reinstatement and back-pay issues, the latter of which is not mentioned in either the arbitrator's decision or the plaintiff's complaint but which arises for the first time in plaintiff's response to defendant's motion to dismiss. Even were the back-pay issue properly raised in the plaintiff's complaint, it is apparent that this remedy was not provided for by the arbitrator and therefore cannot be implied by this Court. If a back-pay award is desired, it may only be provided by the arbitrator and cannot be imposed by this Court. *See, Beer, Soft Drinks, Water, Carbonic Gas & Liquor Sales Drivers, etc., Local 744, v. Vierk Corporation,* 549 F.Supp. 393 (N.D. Ill.1982).

Plaintiff admits that the arbitrator's decision has been complied with. The remedy it seeks in Count I is beyond the scope of that award. Count I must therefore be dismissed.

### Count II

In Count II, plaintiff maintains that his termination was in retaliation for his complaints to the police regarding certain of his superiors employed by defendant.

■ Whether plaintiff's complaint has merit is irrelevant. In *Lamb v. Briggs Manufacturing,* 700 F.2d 1092 (7th Cir.

1983), the Court clearly established that in a diversity action, such as in the case at bar, no right of action for retaliatory discharge exists in this Court where plaintiff is covered by a collective bargaining agreement which provides a mechanism for assertion of the claims. As defendant points out, *Palmateer v. International Harvester Company,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981), relied upon by plaintiff, is of little consequence as in that case no collective bargaining agreement was in place. Similarly, Judge Posner's dissent in *Jackson v. Consolidated Rail Corporation,* 717 F.2d 1045 (7th Cir.1983), expounding what the learned judge believes should be the law, falls of its own weight. *Lamb* provides the law of this circuit.

Because plaintiff was covered by a collective bargaining agreement, no cause of action for retaliatory discharge exists in this circuit. Count II must therefore be dismissed.

### Count III

Count III attempts to allege a claim for intentional infliction of emotional distress arising from defendant's allegedly: (1) refusing to reinstate plaintiff despite an arbitration award in plaintiff's favor; (2) referring plaintiff's name to the FBI in its investigation of the "Tylenol murders;"[2] and, (3) sending a letter to plaintiff stating the reasons for plaintiff's discharge as being that plaintiff deliberately created a work place disturbance and made false and malicious criminal accusations against his supervisor.

■ In order to state a claim for intentional infliction of emotional distress in Illinois, the plaintiff must allege facts sufficient to establish: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) where, as here, plaintiff alleges that defendant's conduct was reckless, that de-

---

1. Plaintiff admits in his complaint that a grievance has been filed on the issues raised by the second termination, but does not reveal the outcome thereof.

2. Defendant is a subsidiary of Johnson & Johnson, Inc., which is the parent company of McNeil Consumer Products, the manufacturer of Tylenol, and claims it was obligated to report plaintiff's name to its parent.

fendant's conduct was such that defendant knew that severe emotional distress would be certain or substantially certain to follow. *Plocar v. Dunkin' Donuts of America*, 103 Ill.App.3d 740, 59 Ill.Dec. 418, 431 N.E.2d 1175 (1st Dist.1981).

Plaintiff's complaint is deficient in several respects. First, it is apparent that the conduct complained of by plaintiff falls short of being "extreme and outrageous" as required to state a valid claim for intentional infliction of emotional distress in Illinois. *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765 (1976).

According to the Restatement (Second) of Torts, even tortious or malicious intent is insufficient. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency...." Restatement (Second) of Torts, § 46, comment d (1965), *quoted in Public Finance Corp., supra.*

■ The Court is hard pressed to see how any of the conduct complained of by plaintiff could in any way be construed as "extreme and outrageous." As the Court has previously noted, defendant did not fail to abide by the arbitrator's decision; rather it chose to terminate plaintiff on an independent basis. Hence, insofar as plaintiff complains of defendant's failure to comply with the arbitrator's decision, the allegations are without merit. Further, even if the Court were to hold that defendant disobeyed the arbitrator, such conduct is hardly extreme and outrageous. Thus, insofar as this conduct is complained of, plaintiff clearly fails to state a claim for intentional infliction of emotional distress.

Because the conduct complained of fails to constitute extreme and outrageous conduct, the other elements of the tort, namely the severity of the distress and defendant's knowledge that severe emotional distress would follow need not be addressed in detail. The Court does note, however, that given the high degree of severity which must be alleged, it does not appear that these factors have been met. *See*, Restatement (Second) of Torts, § 46, comment j (1965).

Plaintiff's assertion that by referring his name to the FBI in connection with the "Tylenol murders" investigation, defendant caused plaintiff to suffer emotional distress also is insufficient. Defendant claims that as a subsidiary of the parent company of the manufacturer of Tylenol, it was obligated to give plaintiff's name to the FBI. While such behavior on the part of defendant may indicate a lack of judgment and personal respect and would reasonably tend to upset any named suspect such as plaintiff, given the severity of the crimes and the difficulty inherent in solving them, such conduct is far from extreme or outrageous and is not reasonably likely to trigger severe emotional distress on the part of the plaintiff. In this regard, plaintiff also fails to state an emotional distress claim.

Finally, plaintiff appears to claim that by notifying plaintiff by letter of the reasons for his final discharge, and by discharging him on the grounds contained therein, defendant intentionally inflicted emotional distress onto the plaintiff. Again the court fails to understand how such conduct could possibly be construed as extreme and outrageous. Indeed, by informing plaintiff of the termination decision and the underlying grounds for it in writing, defendant may have aided plaintiff in that such evidence could conceivably be used in the presentation of his case to an arbitrator on those issues which must be submitted to arbitration.[3]

Plaintiff argues that the holding of the Illinois Appellate Court in *Milton v. Illinois Bell Telephone*, 101 Ill.App.3d 75, 56 Ill.Dec. 497, 427 N.E.2d 829 (1st Dist.1981)

---

**3.** Plaintiff himself suggests that under the rationale of *Lamb v. Briggs Mfr.*, 700 F.2d 1092 (7th Cir.1983), his remedy for intentional infliction of emotional distress, like that for retaliatory discharge, may lie with the arbitrator and not with this Court. While the Court hereby expresses no judgment on this issue and, indeed, need not, it is noted that *Lamb* appears expressly limited to the tort of retaliatory discharge and does not extend to tort actions in general.

mandates the denial of defendant's motion to dismiss Count III. In *Milton*, the court held that a complaint properly stated a claim for intentional infliction of emotional distress where the plaintiff alleged, *inter alia*, that his employer ordered him to falsify certain work reports and, when plaintiff refused, retaliated against him by harassment and coercion.

While the Court recognizes that each case involving intentional infliction of emotional distress must be considered individually and that no two cases will ever be exactly alike, it is clear that *Milton* is plainly distinguishable from the case at bar and that its holding offers not even persuasive support of plaintiff's argument.

In *Milton*, the court appears to have based its holding on the fact that by demanding plaintiff to falsify the reports, defendant, as a public utility, was attempting to coerce plaintiff to engage in illegal conduct. Therefore, the court held, by refusing to falsify the reports, plaintiff was merely exercising his legal rights. However, the fact that plaintiff in the case at bar also was merely exercising his legal rights, here by filing a criminal complaint against his supervisor, does not necessitate a holding that *Milton* is to be equated with the circumstances presented here. In *Milton*, unlike in the instant case, among the conduct allegedly engaged in by defendant was the attempted coercion of plaintiff into illegal activity. Indeed, that coercion appears to form the main rationale behind the *Milton* holding. Plainly, the instant case cannot be viewed as parallel to *Milton* and fails to state a claim for intentional infliction of emotional distress. *See also Public Finance Corp. v. Davis*, 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765 (1976) (where agent of Public Finance repeatedly called Davis at home, work, and daughter's hospital room; was informed of Davis' sick and nervous condition as well as that of her daughter; induced Davis to write a check despite the fact that her account had insufficient funds; informed an acquaintance of Davis that she was writing bad checks; and engaged in other conduct of a similar nature, all in an attempt to collect on an unpaid debt, the court held the conduct not to be extreme and outrageous); *Morrison v. Sandell*, 112 Ill.App.3d 1057, 68 Ill.Dec. 556, 446 N.E.2d 290 (4th Dist.1983) (court held that the conduct of defendant, which included the undermining of his ability to learn his job, including the deliberate withholding of instruction and training, the removal of personal items from plaintiff's coat, the encouraging of other employees to give plaintiff the "silent treatment", and, on one occasion, the placement of human waste in plaintiff's desk drawer, did not constitute extreme and outrageous conduct); *Plocar v. Dunkin' Donuts*, 103 Ill. App.3d 740, 59 Ill.Dec. 418, 431 N.E.2d 1175 (1st Dist.1981).

*Conclusion*

For the reasons stated herein, plaintiff's complaint fails to state a claim upon which relief can be based. Therefore, defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.