KATHY E. HOOKS, Plaintiff-Appellant, v. LAWRENCE T. BONNER *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—2470

Opinion filed August 28, 1989.

---

Melvin Houston and Veleta Brooks-Burkett, both of Detroit, Michigan, for appellant.

Earl L. Neal & Associates, of Chicago (George N. Leighton, of counsel), for appellee Earl L. Neal.

McNeela & Griffin, Ltd., of Chicago (Edward P. McNeela and Marcia Maras, of counsel), for appellee Fidelity & Deposit Company of Maryland.

No brief filed for other appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Kathy E. Hooks (plaintiff) appeals the circuit court's dismissal with prejudice of her complaint filed against Lawrence T. Bonner and Earl L. Neal, coadministrators of the estate of Genoa S. Washington, and their surety, Fidelity & Deposit Company of Maryland (defendants), because plaintiff's claim, alleging matters relating to Genoa Washington's estate, was barred by section 24—2 of the Illinois Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 24—2). On appeal plaintiff seeks reversal of the circuit court's order, contending that her claim does not constitute a collateral attack to invoke *res judicata* principles and the provisions of section 24—2 of the Probate Act and, alternatively, that her collateral attack is not barred under section 24—2 because it sufficiently alleges fraud relating to the prior court's jurisdiction.

Defendant Bonner has not filed an appellate brief in response to plaintiff's appeal. We are not, however, permitted to reverse *pro forma* a trial court's judgment for an appellee's failure to file a brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

We affirm.

Genoa S. Washington died on October 14, 1972. On October 16, 1972, defendants Bonner and Neal were appointed personal representatives for his estate. Defendant Fidelity, as surety, executed two administrator's bonds on behalf of defendants Bonner and Neal.

On April 14, 1981, plaintiff received $15,000 from defendants. Defendants also issued plaintiff a check on July 20, 1981, for $19,684.59, which she negotiated on July 29, 1981.

On July 30, 1981, Richard Clayter, the estate's attorney, mailed to plaintiff a notice stating that he would present the final account of defendants Bonner and Neal at a court hearing to be held on August

6, 1981. On August 3, 1981, plaintiff's attorney, G. Anderson Montgomery, acknowledged receipt of the notice and requested that the hearing be continued to a later date. The hearing was subsequently continued to August 14, 1981, and a copy of this order, along with the estate's Federal estate tax return and the proposed final account, were sent to Montgomery. In a mailgram dated August 13, 1989, Montgomery acknowledged receipt of the above, but stated "still awaiting complete set of income tax returns *** for estate."

Neither plaintiff nor her attorney appeared at the August 14, 1981, hearing. A hearing on the final account was held on that date, and the hearing was continued by order of court to August 24 and September 15 for presentation of vouchers and receipts. On September 15, 1981, a final order of discharge was entered by the probate court, closing the estate of Genoa Washington.

Plaintiff's initial complaint filed on August 8, 1983, and four subsequent amended complaints filed through January 1988 were dismissed for failure to state a cause of action. On February 14, 1988, plaintiff filed a sixth-amended complaint in which she alleged several counts, including fraud or negligence in the administration, valuation and distribution of the estate by defendants Bonner and Neal.

On May 27, 1989, Judge Thomas Quinn denied defendants Bonner and Neal's motion to strike and dismiss and granted plaintiff leave to file a seventh-amended complaint adding Fidelity as a defendant. On July 14, 1988, Judge Quinn granted defendants Bonner's and Neal's motions to reconsider the May 27 order and dismissed plaintiff's complaint with prejudice. It found that plaintiff's action was barred by section 24—2 of the Probate Act as an impermissible collateral attack on a prior judgment.

■■ Section 24—2 of the Probate Act codifies in probate actions general principles of *res judicata* and collateral attack. Under the doctrine of *res judicata*, a final judgment on the merits bars subsequent litigation between the same parties on issues found to be part of the same cause of action before a court of competent jurisdiction. (*Hilti, Inc. v. Griffith* (1978), 68 Ill. App. 3d 528, 532, 386 N.E.2d 63, 65.) This bar extends not only to matters actually determined, but also to those matters which could have been raised in the prior adjudication. *Drabik v. Lawn Manor Savings & Loan Association* (1978), 65 Ill. App. 3d 272, 277, 382 N.E.2d 333, 336.

■■ ■ The rule against collateral attack stems from the above principles. After 30 days from its entry, a judgment may not be collaterally attacked except where the court lacked jurisdiction or its jurisdiction was based upon fraud, accident or mistake. (*In re Estate*

*of Luer* (1952), 348 Ill. App. 324, 108 N.E.2d 792; *Barnard v. Michael* (1945), 392 Ill. 130, 63 N.E.2d 858.) To constitute fraud as to the court's jurisdiction, the party asserting such fraud must have been deprived of an opportunity to present a right or defense he had in the former proceedings by improper conduct of the party securing the judgment. *In re Estate of Stith* (1969), 105 Ill. App. 2d 429, 437, 244 N.E.2d 834.

■ Courts have interpreted section 24—2 of the Probate Act as applying to orders approving final reports in probate the same requirements developed in regard to collateral attacks on other final judgments. (*In re Estate of Moore* (1988), 175 Ill. App. 3d 926, 530 N.E.2d 635; *In re Estate of Luer* (1952), 348 Ill. App. 324, 108 N.E.2d 792 (interpreting section 24—2's predecessor, section 290 of the Probate Act of 1939 (Ill. Rev. Stat. 1951, ch. 3, par. 444)).) Section 24—2 provides:

> "Notice of the hearing on any account of a representative of a decedent's estate shall be given as the court directs to unpaid creditors and to every person entitled to a share of the estate who has not received that share in full. If the account is approved by the court upon the hearing, in the absence of fraud, accident or mistake, the account as approved is binding upon all persons to whom the notice was given. No notice need be given to any person from whom a receipt in full is exhibited to the court or who waives notice." Ill. Rev. Stat. 1985, ch. 110½, par. 24—2.

■ The threshold question presented on this appeal is whether plaintiff's claim represents a collateral attack upon the probate court's final accounting to invoke section 24—2's provisions. Plaintiff argues that because her complaint outlines certain property not included in the final accounting, her claim does not represent a collateral attack on that decision. This argument lacks merit.

To support her position, plaintiff cites *In re Estate of Winston* (1981), 99 Ill. App. 3d 278, 425 N.E.2d 973, where the court found that petitioner's claim against his mother's estate, seeking the imposition of a constructive trust on grounds that his mother had converted certain assets while acting as a trustee under his father's will, did not constitute a collateral attack upon the final account of his father's estate. The court reasoned that the final account only adjudicated rights to certain assets under the will and did not adjudicate the issue involved in the case before it, the capacity in which the mother received the property under the will. (*Estate of Winston*, 99 Ill. App. 3d at 286-87, 425 N.E.2d at 980.) Unlike *Winston*, the is-

sues here clearly involve the same issues adjudicated by the probate court's final accounting—the rights of interested persons in the personalty of Genoa Washington's estate.

■ Finding that plaintiff's action represents a collateral attack on the final accounting, we next consider whether plaintiff's collateral attack is barred under section 24—2 of the Probate Act. Based upon the language of section 24—2 and the established cases previously cited, plaintiff's action could be sustained only if her complaint claimed fraud relating to the probate court's jurisdiction. A review of plaintiff's complaint here discloses that plaintiff does not allege fraud relating to the court's jurisdiction, but alleges merely fraud in the valuation and distribution of Genoa Washington's estate.

We reject plaintiff's contention that her complaint sufficiently alleges facts to withstand the motion to dismiss. Plaintiff asserts that her allegation of fraud in the "distribution" of the estate was intended to include the final accounting, as well as efforts to obtain the order of discharge. She further argues that because, in a motion to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), all reasonable inferences should be viewed in a light most favorable to the party opposing the motion (*Evans v. Control Products Corp.* (1979), 73 Ill. App. 3d 681, 392 N.E.2d 239), the circuit court erred in granting the motion. Plaintiff's complaint, however, fails to allege facts from which a court could reasonably infer that the jurisdiction of the court was invoked by conduct which deprived plaintiff of an opportunity to assert her rights in the accounting. Moreover, plaintiff has waived this argument by failing to assert it in the circuit court. In her response to defendants' motion to dismiss, plaintiff argued only that defendants' failure to include certain property in the accounting constituted fraud relating to the court's jurisdiction.

In addition to the above, newly asserted argument, plaintiff also, for the first time on appeal, makes unsupported representations as to defendants' failure to give plaintiff proper notice in obtaining the prior judgment. No allegations to this effect appear in plaintiff's complaint. Our limited function on review is to determine whether the circuit court erred in granting the section 2—619 motion to dismiss. In view of plaintiff's allegations in her complaint, the circuit court correctly held that section 24—2 barred her action.

■ Finally, the court's dismissal *with prejudice* is also proper here. Plaintiff was afforded six opportunities to properly allege fraud as to the court's jurisdiction and failed to do so. A party does not have a right to unlimited amendments. *Plocar v. Dunkin' Donuts of*

*America, Inc.* (1981), 103 Ill. App. 3d 740, 431 N.E.2d 1175.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.