RONALD L. MORRISON, Plaintiff-Appellant, *v.* MARION SANDELL *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0600

Opinion filed February 23, 1983.

Gary G. Johnson, of Normal, for appellant.

John L. Swartz, of Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, P.C., of Springfield, for appellees.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Ronald L. Morrison, filed a complaint against defendants, Marion Sandell and John Capasso, in the circuit court of McLean County which alleged the intentional infliction of mental distress. On August 24, 1982, the court granted defendants' motion to dismiss plaintiff's amended complaint for failure to state a cause of action. On appeal, plaintiff maintains the conduct alleged in the com-

plaint constituted behavior so outrageous as to be a basis for a cause of action.

Plaintiff alleged in count I of his amended complaint, that defendant, Marion Sandell, was his co-worker at Illinois State University from October 1980 until July 1981, when plaintiff resigned. Plaintiff stated that during that time, Sandell "individually and in concert with unknown others, engaged in a continuous campaign of harassment" with "intent to cause him severe anxiety and mental anguish and distress and to cause his resignation or dismissal from his job." Plaintiff alleged the conduct involved was performed either in person or at the instigation of Sandell. The acts alleged include the following:

"a. Undermining his ability to learn his job and perform it properly by removing and mixing working papers on his desk, placing file cards out of order after he had completed work on them and by many similar such acts on an almost daily basis until his employment was terminated;

b. Deliberately giving him insufficient instruction and training and assigning him work he was unprepared to do and work which was unusually difficult, thus causing confusion and anxiety and poor work performance;

c. Removing personal items from his coat pockets and placing same on his desk, thus causing fear and anxiety over the loss of privacy and security of his personal belongings;

d. Embarrassing and belittling him by inducing other workers to make hostile stares and comments whenever he was within earshot or eye contact with them and subjecting him to the 'silent treatment';

e. On one occasion placing toilet tissue and human waste matter in a file drawer which he was about to use."

Count II alleged that defendant Sandell's actions were wilful and malicious, and plaintiff asked for punitive damages. Count III alleged that defendant Capasso was plaintiff's and Sandell's supervisor, had been advised of the acts complained of, had a duty to see that those acts were stopped, and did nothing to prevent further harassment.

■ The supreme court has recognized that intentional infliction of severe emotional distress can be a separate tort for which damages could be recovered. (*Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157.) There, a widow brought an action for damages after the defendant had communicated to her his intention to kill her husband and, later, carried out his threat. The court found the complaint stated a cause of action and cited *Slocum v. Food Fair Stores of Florida, Inc.* (Fla. 1958), 100 So. 2d 396, as a fair statement of the standard of

conduct to be applied in such an action.

"[I]t is uniformly agreed that the determination of whether words or conduct are actionable in character is to be made on an objective rather than subjective standard, from common acceptation. The unwarranted intrusion must be calculated to cause 'severe emotional distress' to a person of ordinary sensibilities, in the absence of special knowledge or notice. There is no inclination to include all instances of mere vulgarities, obviously intended as meaningless abusive expressions." (100 So. 2d 396, 398.)

However, the court noted:

"It has not been suggested that every emotional upset should constitute the basis of an action. Indiscriminate allowance of actions for mental anguish would encourage neurotic overreactions to trivial hurts, and the law should aim to toughen the psyche of the citizen rather than pamper it. But a line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 85, 174 N.E.2d 157, 164.

The supreme court reviewed the elements of this tort in *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765. There, the court found defendant's countercomplaint failed to state a cause of action against the tactics of the finance company seeking to collect its debt. The court tested the two counts of the counterclaim by the requirements stated in section 46 of the second Restatement of Torts, stating:

"First, the conduct must be extreme and outrageous \*\*\*. '\*\*\* Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency \*\*\*.' Restatement (Second of Torts sec. 46, comment *d* (1965).

Second, \*\*\* [t]he emotional distress must be *severe*. \*\*\* 'The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity.' Comment *j*. See also Prosser, Law of Torts sec. 12, at 54 (4th ed. 1971).

Third, \*\*\* [the] conduct [must be that] from which the actor knows severe emotional distress is certain or substantially certain to result. (Comment *i*.) Liability extends to situations in which there is a high degree of probability that severe emo-

tional distress will follow and the actor goes ahead in conscious disregard of it. Prosser, Law of Torts 60 (4th ed. 1971).

Fourth, as is stated in comment *e*, the extreme and outrageous character of the conduct may arise from an abuse of a position or a relation with another which gives the actor actual or apparent authority over the other or power to affect his interests." 66 Ill. 2d 85, 89-90, 360 N.E.2d 765, 767.

■ The conduct alleged of Sandell is not of such an extreme and outrageous nature as to constitute a basis for recovery under the theory alleged. Even if Sandell had acted with a tortious intent or an intent to inflict emotional distress, such conduct would not be enough to be characterized as extreme and outrageous when imposed upon a person of "ordinary sensibilities." *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 86, 174 N.E.2d 157, 164.

The most serious allegation appears to be that Sandell, or a person unknown to plaintiff but acting at the instigation of Sandell, placed "toilet tissue and human waste matter in a file drawer he was about to use." This conduct may have been malicious and could have caused plaintiff emotional distress; however, this appears to be a single isolated act. In comment *j* to section 46 of the second Restatement, it is stated that the intensity and duration of the distress are factors to be considered in determining the severity of the emotional distress. (Restatement (Second) of Torts sec. 46, comment *j*, at 77 (1965).) This single act does not constitute extreme and outrageous conduct calculated to cause severe emotional distress.

■ Count II of the complaint was properly dismissed. The supreme court stated in *Knierim* that punitive damages could not be sanctioned in a case involving intentional infliction of emotional distress. (22 Ill. 2d 73, 88, 174 N.E.2d 157, 165.) The court stated that since the outrageous quality of the defendant's conduct formed the basis of the action, the rendition of compensatory damages was sufficiently punitive. This rule was restated in *Ledingham v. Blue Cross Plan for Hospital Care of Hospital Service Corp.* (1975), 29 Ill. App. 3d 339, 351, 330 N.E.2d 540, 548-49, *rev'd on other grounds* (1976), 64 Ill. 2d 338, 356 N.E.2d 75.

■ Finally, count III was properly dismissed against defendant Capasso. This count merely alleged that Capasso was negligent in his supervision. There was no allegation that he actually or impliedly intended to harm plaintiff. Moreover, there were no allegations of an extreme and outrageous abuse of authority as is required by the second Restatement (Restatement (Second) of Torts sec. 46, comment *e*, at 74 (1965)).

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

WEBBER, P.J., and MILLER, J., concur.