HARRY S. MILLER, as Trustee for the Estate of Sharon S. Graziani, Plaintiff-Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant-Appellee.

First District (4th Division)   No. 1—88—1497

Opinion filed March 30, 1989.

Deborah M. Jervis and George B. Collins, both of Collins & Bertelle, of Chicago, for appellant.

John D. Lien and Darlene C. Goring, both of Foley & Lardner, of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Harry S. Miller, as trustee for the estate of Sharon S. Graziani, appeals from an order of the circuit court dismissing count IV of the plaintiff's second amended complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The basis for the dismissal was the failure to allege sufficient facts to state a claim for intentional infliction of emotional distress.

Sharon Graziani was employed by the defendant, Equitable Life Assurance Society of the United States, as an insurance sales representative from approximately March 1982 until September 1985. In count IV of her amended complaint, Graziani alleged that supervisors and co-workers at Equitable participated in a course of conduct which created a hostile and emotionally disturbing working environment. In this regard, Graziani alleged that her repeated requests for training and assistance in soliciting and selling insurance policies were either ignored or met with disparaging remarks and insults by Equitable supervisors; her job performance was often the subject of ridicule; she was deliberately ignored by co-workers and supervisors; she was frequently called a "white racist" by co-workers and threatened with physical harm; her sense of job security was undermined by Equitable's practice of firing insurance agents as soon as they exhausted their friends, relatives and acquaintances for the sale of insurance policies; she was continuously threatened with the loss of her job if she did not produce new business; her request for a job transfer was denied; employees of Equitable regularly yelled, screamed and slammed doors;

when client files and a valuable coin collection were stolen from Graziani, supervisors refused to cooperate in recovering them; when Graziani was recovering from an automobile accident in 1983, Equitable refused to forward her mail and informed clients that she no longer worked there; when a secretary hit Graziani and threw coffee at her, Graziani was not allowed to get police assistance.

In addition to this recitation of events, Graziani also alleged that she was subject to sexual harassment and retaliatory discharge. With regard to the sexual harassment, Graziani alleged that an insurance agent of Equitable touched her breast, shoulders and head and that another agent stated that he wanted her. Graziani further alleged that such conduct continued, despite her protests, at the encouragement of an Equitable district manager who frequently stated that she should use sex to make insurance sales. With regard to the retaliatory discharge, Graziani alleged that she was fired because she reported a fraudulent insurance application and reported the practice of kickbacks which was allegedly prevalent among Equitable's employees. Finally, Graziani alleged that as a result of the above, she suffered great physical pain and severe mental anguish which, since February of 1985, has required psychiatric treatment.

■ In order to state a cause of action for intentional infliction of emotional distress, the plaintiff must allege facts which establish: (1) the defendant's conduct was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant knew that severe emotional distress was certain or substantially certain to result from such conduct. *McGrath v. Fahey* (1988), 126 Ill. 2d 78, 86, 533 N.E.2d 806, 809; *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 90, 360 N.E.2d 765, 767.

With respect to the first requirement, the defendant's conduct must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.' " (*Public Finance Corp.,* 66 Ill. 2d at 90, 360 N.E.2d at 767, quoting Restatement (Second) of Torts §46, comment *d* (1965).) Recovery under this theory does not extend to conduct which merely involves insults, indignities, threats, annoyances, petty oppressions, or other trivialities. (*McGrath,* 126 Ill. 2d at 86, 533 N.E.2d at 809; *Public Finance Corp.,* 66 Ill. 2d at 89, 360 N.E.2d at 767.) With respect to the severity of the plaintiff's distress, " '[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.' " *Public Finance Corp.,* 66 Ill. 2d at 90, 360 N.E.2d at 767, quoting Restatement (Second) of Torts §46, comment *j* (1965).

These matters should be decided on the pleadings because, as the

supreme court admonished in *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, the seminal case permitting this theory of recovery, "[i]ndiscriminate allowance of actions for mental anguish would encourage neurotic overreactions to trivial hurts." (*Knierim,* 22 Ill. 2d at 85, 174 N.E.2d at 164.) Determining whether a complaint states a cause of action essentially involves drawing a line "between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." (*Knierim,* 22 Ill. 2d at 85, 174 N.E.2d at 164.) We recognize that our decision as to where that line should be drawn is based in large part on common sense and intuition more "subtle than any articulate major premise." *Lochner v. New York* (1905), 198 U.S. 45, 76, 49 L. Ed. 937, 949, 25 S. Ct. 539, 547 (Holmes, J., dissenting); see generally *Consolino v. Thompson* (1984), 127 Ill. App. 3d 31, 468 N.E.2d 422.

■ With this background, we turn to the complaint. Stripped of all its conclusions, and accepting all well-pleaded facts as true (*Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 187, 476 N.E.2d 1284, 1289), count IV of the complaint essentially alleges that for approximately 3½ years Graziani was surrounded by supervisors and co-workers who were inconsiderate, rude, vulgar, uncooperative, unprofessional and unfair. While we do not condone such behavior, we do not believe that the conduct alleged is so outrageous in character and so extreme in degree as to go beyond all bounds of human decency. Nor do we believe that the distress is so severe that no reasonable person could be expected to endure it. The fact that Graziani alleges that she was a victim of sexual harassment, battery, and retaliatory discharge does not necessarily mean that she has a cause of action for intentional infliction of emotional distress.

In employment situations, personality conflicts, job performance evaluations, or job transfers are unavoidable and often result in stress. However, if such stress formed the basis for the tort of intentional infliction of emotional distress, virtually every employee would have a cause of action. *Grey v. First National Bank* (1988), 169 Ill. App. 3d 936, 945, 523 N.E.2d 1138, 1144. See generally *Pudil v. Smart Buy, Inc.* (N.D. Ill. 1985), 607 F. Supp. 440; *Vitkauskas v. State Farm Mutual Automobile Insurance Co.* (1987), 157 Ill. App. 3d 317, 509 N.E.2d 1385; *Gibson v. Chemical Card Services Corp.* (1987), 157 Ill. App. 3d 211, 510 N.E.2d 37; *Harris v. First Federal Savings & Loan Association* (1984), 129 Ill. App. 3d 978, 473 N.E.2d 457; *Heying v. Simonaitis* (1984), 126 Ill. App. 3d 157, 466 N.E.2d 1137; *Witkowski v. St. Anne's Hospital of Chicago, Inc.* (1983), 113 Ill. App. 3d 745, 447 N.E.2d 1016; *Morrison v. Sandell* (1983), 112 Ill. App. 3d 1057, 446

N.E.2d 290; *Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 431 N.E.2d 1175.

Graziani argues that the instant case is analogous to *Milton v. Illinois Bell Telephone Co.* (1981), 101 Ill. App. 3d 75, 427 N.E.2d 829, and *Clay v. Quartet Manufacturing Co.* (N.D. Ill. 1986), 644 F. Supp. 56. In both cases, the court allowed a cause of action for intentional infliction of emotional distress in an employment situation. In *Milton,* the plaintiff's complaint alleged that the defendant employer engaged in a course of harassing conduct in an attempt to coerce the plaintiff employee to falsify certain work reports and, when the plaintiff refused, the defendant engaged in a course of harassing conduct to retaliate against the employee. In allowing a cause of action, the court focused on the fact that the defendant was attempting to coerce the plaintiff to do something illegal. *Milton,* 101 Ill. App. 3d at 79-80, 427 N.E.2d at 832-33.

*Milton* can be distinguished from the instant case, where Graziani merely alleges that the practice of kickbacks was prevalent. Graziani does not allege Equitable engaged in a course of conduct in an attempt to coerce her into the illegal activity.

In *Clay,* which is a Federal district court case and therefore not controlling, the complaint alleged that the defendant employer intentionally coerced the plaintiff employee into a sexual relationship, subjected her to sex-based remarks and offensive touchings after the conclusion of the coerced sexual relationship, and discriminated against her because of her sex. The court, offended by the allegation that the employer continued to sexually harass the employee even after she terminated a coerced sexual relationship, allowed the cause of action. *Clay,* 644 F. Supp. at 62.

In the instant case, Graziani never alleged that during her employment with Equitable she was coerced into a sexual relationship. Graziani's complaint merely states that she was subject to an offensive touching by one Equitable employee, subject to vulgar remarks and encouraged by a district manager to use sex to sell insurance policies.

Because the complaint fails to allege extreme and outrageous conduct or severe emotional distress, we hold that Graziani has failed to allege a cause of action for intentional infliction of emotional distress.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.