**Joyce SWIDER, Plaintiff,**

v.

**Clayton YEUTTER, et al., Defendants.**

**No. 86 C 1500.**

United States District Court, N.D. Illinois, E.D.

April 10, 1991.

Linda D. Friedman, Leng Stowell & Friedman, Chicago, Ill., for plaintiff.

Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Now before the court are the objections of plaintiff, Joyce Swider ("Swider"), and defendants, Edward T. Coughlin ("Coughlin"), Myron McKinley ("McKinley"), Robert Bohse ("Bohse"), and James Hahn ("Hahn") (collectively "the individual defendants")[1], to Magistrate Judge Ronald Guzman's Report & Recommendation ("Report") as to defendants' motions to dismiss. Magistrate Judge Guzman recommended

---

1. The individual defendants are all past and/or present officials or employees of the United States Department of Agriculture ("USDA").

that: the individual defendants be dismissed from Count I, in their individual and official capacities; that Count II be dismissed in its entirety; that defendants' motions to dismiss Count III be denied and the plaintiff ordered to obtain sufficient service of process over the individual defendants; that plaintiff's motion to reconsider the order substituting the United States as defendant in Count IV be granted; and that Count V be dismissed as barred by the statute of limitations.[2] For the reasons set forth below, the parties' objections are overruled.

## I. FACTS

We construe all well-pleaded facts in the plaintiff's complaint as true and consider them in a light most favorable to Swider in considering the defendants' motion to dismiss. *See Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987). It is according to these standards that we state the relevant facts and address the defendants' motions to dismiss.

Swider is an employee of the USDA. On May 11, 1975, Swider became employed as the Administrative Assistant to the Federal Milk Market Administrator's Office for the Chicago Regional market. The USDA abolished the position of Administrative Assistant in 1981 and demoted Swider to the position of Secretary to the Review Audit Department. Swider filed a claim of sex discrimination in 1981 as a result of the demotion. The USDA and Swider reached an agreement in settlement of the discrimination claim in 1982. Count I of Swider's complaint in this action alleges that USDA breached the settlement agreement and accordingly, violated Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* Count II of Swider's complaint alleges

that the USDA retaliated against her for the filing of the 1981 sex discrimination claim also in violation of Title VII. *Id.*

Count III of the complaint alleges that in 1981, Swider reported abuses of public funds in the Chicago office of the USDA to the Office of the Inspector General ("OIG"), which is an investigatory branch of the USDA. In July of 1983, two officials of the Federal Milk Marketing Administration lost their jobs as a result of the OIG investigation initiated following Swider's report. Swider alleges that various employees or agents of the USDA then harassed her in violation of her First Amendment rights.

Count IV alleges that the actions defendants took toward Swider caused her to suffer emotional distress. Count V charges that defendants Hahn and Bohse defamed plaintiff by means of a letter, circulated among USDA employees which referred to plaintiff as a "diseased cow" and contained false statements about plaintiff's performance.

## II. DISCUSSION

This court must address the parties' objections to Magistrate Judge Guzman's Report *de novo.* 28 U.S.C. § 636(b)(1)(C). Defendants object to the recommended disposition of their motion to dismiss Count IV, while plaintiff objects to the recommended dismissal of Count V. We address each count in turn.

### A. *Count IV—Intentional Infliction of Emotional Distress* [3]

■ The defendants object to the Magistrate Judge's recommendation as to Count IV, arguing that the law, although accurately stated, was misapplied to the facts

---

2. The Government informs the court that some of the issues addressed by Magistrate Judge Guzman are no longer at issue in this case. Accordingly, the court will not address those issues which are now moot, except to reject the Magistrate Judge's recommendations as to personal service and absolute immunity. Moreover, no objection is made to the Magistrate Judge's recommendation as to plaintiff's motion for reconsideration and therefore, the court adopts the recommendation.

3. Swider objected to Magistrate Guzman's recommendations as to Counts I through III, but only to the extent that Swider wished to preserve her arguments for appeal. Accordingly, the court does not address those counts and adopts the Magistrate Judge's recommendation as to those counts.

of this case. The defendants contend that the Magistrate Judge ignored a line of employment cases in which Illinois courts dismissed claims of intentional infliction of emotional distress when presented with factual circumstances similar to those presented here. *See e.g. Harris v. First Federal Savings and Loan Association,* 129 Ill.App.3d 978, 85 Ill.Dec. 89, 473 N.E.2d 457 (1st Dist.1984); *Morrison v. Sandell,* 112 Ill.App.3d 1057, 68 Ill.Dec. 556, 446 N.E.2d 290 (4th Dist.1983). Essentially, the defendants argue that the tort of intentional infliction of emotional distress is only allowed in employment cases where there exists either the employer's coercive behavior to force the employee to commit illegal acts or some extreme conduct. Defendants argue that the conduct alleged does not fall into either category. The case law, however, is not as clear as the defendants argue it to be.

The most recent case from the First District of the Illinois Appellate Court is *Johnson v. Federal Reserve Bank,* 199 Ill. App.3d 427, 145 Ill.Dec. 558, 557 N.E.2d 328 (1st Dist.1990), *app. den.* 133 Ill.2d 558, 149 Ill.Dec. 323, 561 N.E.2d 693 (1990), which is contrary to the defendants' position. In *Johnson,* the plaintiff alleged that his superiors used unauthorized procedures to access certain bank files. Johnson disclosed the use of these procedures to internal auditors, in contravention of Johnson's superiors' orders. Johnson also alleged that during a United States Treasury Bureau inspection, he disclosed other bank violations to the Bureau. The plaintiff further alleged that in retaliation for his actions, his superiors harassed him by threatening to fire him, giving him an excessive workload, requiring him to work 20 hours a week longer than other employees, denying him promotions and giving him poor work reviews. The plaintiff took a medical leave of absence and when he returned to work, he told his superiors that he was suffering from hypertension and "should not be subjected to undue stress." *Johnson v. Federal Reserve Bank,* 199 Ill.App.3d 427, 145 Ill.Dec. 558, 557 N.E.2d 328 (1st Dist.1990). Johnson's superiors harassed him anyway and eventually, Johnson left his job and allegedly was unable to work.

The *Johnson* court held that the plaintiff adequately stated a claim for intentional infliction of emotional distress because the defendant's alleged retaliatory actions satisfied the requirement that the defendant engage in extreme and outrageous conduct. Swider also alleges that the defendants' conduct was motivated in retaliation for the filing of Swider's 1981 sex discrimination claim. The facts of this case meet the standards set forth in *Johnson.*

The defendants argue that Johnson does not establish new law because there are plenty of Illinois cases involving retaliation in which the courts have found that the plaintiff stated a claim for intentional infliction of emotional distress. Defendants also contend that Swider's emphasis on the retaliatory nature of the allegations in *Johnson* is misplaced. Defendants argue that *Johnson* is similar to other "coercive conduct" cases in that Johnson's superiors directed him not to disclose the information that he did. Defendants' argument is without merit. "Coercion" and "retaliation" are two very different concepts. Coercion brings about a desired result through force or intimidation. Retaliation is punishment for action. Moreover, it is clear from the *Johnson* decision that the court was persuaded that the pleadings satisfied the extreme and outrageous conduct element of the tort of intentional infliction of emotional distress not because the defendant directed the plaintiff to keep quiet about various violations of procedure, but rather because *after the fact,* the defendant retaliated against the plaintiff. The *Johnson* court stated:

The Bank contends that it had a legitimate employment objective in demanding that Johnson follow procedures that were lawful, and improper only according to its own policies ... Engaging in abusive conduct to coerce an employee to follow lawful directions, while bad management, constitutes a legitimate objective. But the same abusive conduct, employed to punish whistle-blowing, serves no legitimate purpose. *Johnson v. Federal Reserve Bank,* 199 Ill.App.3d

427 [149 [145] Ill.Dec. 323 [558], [561]] 557 N.E.2d 328, 331 (1st Dist.1990).

Accordingly, the court finds that *Johnson* is a departure from the line of cases addressing factual circumstances involving coercion. *Johnson* is a retaliation case and Swider's allegations satisfy its standards.

Further support for this conclusion may be found in *Class v. New Jersey Life Ins. Co.*, 746 F.Supp. 776 (N.D.Ill.1990), where Judge Lindberg addressed a similar factual situation and decided that the Illinois Supreme Court would be most likely to adopt the views set forth in *Johnson*, rather than those set forth in *Miller v. Equitable Life Assur. Soc.*, 181 Ill.App.3d 954, 130 Ill.Dec. 558, 537 N.E.2d 887 (1st Dist.1989), a case relied upon by the defendants here. Accordingly, the court concludes that *Johnson* is the relevant precedent, the facts alleged are sufficient under that standard and the defendants' objection to the Magistrate Judge's recommendation is overruled.

### B. *Count V—Defamation*

■ Swider alleges in Count V that defendants Hahn and Bohse authored a defamatory letter, which referred to the plaintiff as a "diseased cow," and solicited the plaintiff's co-workers to sign the letter. Swider further alleges that the defendants persuaded plaintiff's co-workers to sign the letter by misrepresenting to them that the plaintiff had filed a complaint against them individually and therefore, their jobs were threatened. The issue with respect to this count is whether or not it was timely-filed. There is a one-year limitation period applied to actions for defamation in Illinois. Ill.Rev.Stat. ch. 110, ¶ 13–201. The defendants wrote and published the letter in September of 1984 and this case was not filed until March of 1986. Plaintiff argues that she did not receive a copy of the letter and did not know of its defamatory nature until November of 1985, although she admits knowing of the letter's existence and of the "diseased cow" reference, as early as January of 1985. In *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill.2d 129, 334 N.E.2d 160 (1975), the court determined that the discovery rule could be applied to actions for defamation under Illinois law. In *Olesker's*, the plaintiff alleged that the defendant published a defamatory credit report which damaged plaintiff's reputation. Plaintiff Olesker's brought its action in March of 1970, although the defendant published the report in January of 1969. The plaintiff urged the court to adopt the discovery rule because the confidential nature of the defendant's publication prohibited the plaintiff's early discovery of the defamation. The Illinois Supreme Court agreed and held that the discovery rule applied at least to defamation actions not involving mass-media publications. The document at issue here, the memorandum, is similar to the credit report in *Olesker's* in that relatively few people saw it and plaintiff's access to it was at least limited, if not completely prohibited. Accordingly, the discovery rule applies and the court needs to determine when plaintiff knew or should have known of the defamatory letter.

Therefore, the issue resolves itself to whether the statute began to run when plaintiff became aware of the letter's existence and some of its contents or alternatively, when the plaintiff obtained the letter itself and discovered the details of the alleged defamation. The *Olesker's* court did not address the issue of what facts are sufficient to put a plaintiff on notice that he or she may have an action for defamation. The plaintiff claims that there is a disputed issue of fact because the affidavit of defendant Hahn conflicts with plaintiff's affidavit. The conflict, according to the plaintiff, results from the Magistrate Judge's finding that plaintiff knew of the "diseased cow" letter for statute of limitation purposes, simply because plaintiff referred to the allegedly defamatory letter in January of 1985. Plaintiff contends that she did not know of many of the defamatory statements included in the letter and therefore, the defendants' motion should be denied. It strains the imagination that plaintiff discovered that her superiors referred to her as a "diseased cow" in a memorandum circulated to her co-workers and she never inquired as to the content of the remainder of the memorandum. Even though the court finds plaintiff's argument incredulous, the court resolves that issue in

her favor and assumes she did not inquire further, but still must grant the defendants' motion. At the very least, Swider was on notice in January of 1985 that her superiors defamed her. The discovery rule asks when plaintiff knew or *should have known of the existence of actionable conduct.* Swider should have known in January of 1985. Accordingly, her complaint filed in March of 1986 was untimely. The court overrules the plaintiff's objection to the Magistrate Judge's recommendation.

## III.  CONCLUSION

Both parties' objections to the Magistrate Judge's Report are overruled. Counts I and II are dismissed as to the individual defendants. The only remaining defendant as to Counts I and II is the Secretary of Agriculture. Count III is dismissed in its entirety. The defendants' motion to dismiss Count IV is denied. Count V is dismissed as untimely. Ill.Rev.Stat. ch. 110, ¶ 13–205. The Magistrate Judge's recommendations as to personal service and the individual defendants' immunity are rejected. Finally, plaintiff's motion to reconsider the substitution of the United States for the individuals in Count IV is granted. The court's minute order of December 5, 1988 is vacated. Defendants Coughlin, McKinley, Bohse and Hahn are defendants in Count IV.