**Rodney A. LEWIS, Plaintiff,**

v.

**Anita COTTON and Illinois Bell Telephone Company (Ameritech), Defendants.**

No. 95 C 7098.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 16, 1996.

LaVetta Dianne Williams, Chicago, Illinois, for Plaintiff.

Benjamin Ghess, Ameritech Corporation, Chicago, Illinois, for Defendants.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Illinois Bell Telephone Company's ("Ameritech") and Anita Cotton's ("Cotton") (collectively, "defendants") motion to dismiss Counts One, Three, and Four of plaintiff Rodney A. Lewis' ("Lewis") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which the court can grant relief. For the reasons that follow, the court grants defendants' motion.

### I. BACKGROUND

Lewis filed a four-count complaint against defendants. Count One, against Cotton, alleges sexual harassment and constructive discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e–2000e–17. Count Two, against Ameritech, also alleges sexual harassment and constructive discharge in violation of Title VII. Count Three, against Cotton, alleges a state law claim of intentional infliction of emotional distress. Count Four, against Ameritech, also alleges intentional infliction of emotional distress.

Defendants moved to dismiss Counts One, Three, and Four. The court dismissed Count One on February 8, 1996, because a supervisor is not an "employer" that can be sued under Title VII. (*See* Minute Order dated February 8, 1996.) Thus, only defendants' motion to dismiss the state law claims for intentional infliction of emotional distress is now before the court.

### II. DISCUSSION

#### A. Standard for deciding a Rule 12(b)(6) motion to dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Board of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

#### B. Failure to state claim for intentional infliction of emotional distress

Ameritech and Cotton contend that Counts Three and Four must be dismissed because Lewis fails to state a claim for intentional infliction of emotional distress.

■ Under Illinois law, the elements of the tort of intentional infliction of emotional distress are as follows: 1) extreme and outrageous conduct by the defendants; 2) intent to cause, or a reckless disregard of the probability of causing, emotional distress; 3) severe or extreme emotional distress suffered by the plaintiff; and 4) actual and proximate causation of the emotional distress by defendants' outrageous conduct. *Hamros v. Bethany Homes and Methodist Hosp. of Chicago,* 894 F.Supp. 1176, 1180 (N.D.Ill.1995) (citing *Public Finance Corp. v. Davis,* 66 Ill.2d 85, 89–90, 4 Ill.Dec. 652, 654, 360 N.E.2d 765, 767 (1976)).

■ To be actionable, the conduct alleged must be particularly egregious.

' "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice" or a degree of aggravation which would entitle plaintiff to punitive damages for another tort. Liability has been found [only when the conduct] is so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency." '

*Hamros,* 894 F.Supp. at 1180 (quoting *Davis,* 66 Ill.2d at 89–90, 4 Ill.Dec. at 654, 360 N.E.2d at 767 (quoting Restatement (Second) of Torts § 46 cmt. d (1965))). Furthermore, " " "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." " " *Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 703 (7th Cir.1993) (quoting *Davis,* 66 Ill.2d at 89–90, 4 Ill.Dec. at 654, 360 N.E.2d at 767 (quoting Restatement (Second) of Torts § 46 cmt. j (1965))).

■ The court judges the facts of each particular case by an objective standard to determine whether the alleged conduct was extreme and outrageous. *Harriston,* 992 F.2d at 703 (citing *Schroeder v. Lufthansa German Airlines,* 875 F.2d 613, 623 (7th Cir.1989)).

■ In the present case, Lewis' complaint wholly fails to allege conduct sufficiently egregious to constitute intentional infliction of emotional distress. In Count Three, Lewis alleges primarily that Cotton's discriminatory conduct against Lewis consisted of her giving him an unjustified poor performance review and placing him on a "Performance Action Plan," presumably because he was male. (Compl. ¶¶ 23–24.) In Count Four, Lewis alleges that despite his having performed his duties consistent with Ameritech's established performance standards, he received a poor performance review and was placed on a "Performance Action Plan." (Compl. ¶ 28.) Lewis alleges that he notified Cotton's supervisor that he was subjected to verbal harassment, an unjustified and unsubstantiated performance review, and intentional emotional distress, but that no remedial action was taken. (*Id.* ¶¶ 28–29.)

This conduct described by Lewis in no way can be considered to be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency," or to cause distress so severe that a reasonable person could not be expected to endure it. *Davis,* 66 Ill.2d at 89–90, 4 Ill.Dec. at 654, 360 N.E.2d at 767. *See also Harriston,* 992 F.2d at 703 (affirming dismissal of intentional infliction of emotional distress claim because conduct alleged was not so severe that a reasonable person could not be expected to endure it and did not go beyond all bounds of decency).

In fact, the conduct alleged by the plaintiff in *Harriston,* which the Seventh Circuit found not to reach the level of extreme and outrageous conduct, was far more egregious than the conduct alleged by Lewis. In *Harriston,* the plaintiff alleged, among other things, that she was not allowed to supervise white subordinates; was reprimanded for no reason; was forced out of her management position; was excluded from office activities; was falsely accused of having poor sales; was threatened with discipline; had her telephone calls monitored through the use of an eavesdropping device; and had her car damaged and vandalized on several occasions in defendant's parking lot. *Id.* at 703. If the foregoing is not extreme and outrageous conduct, then neither is a poor performance review, even an unjustified one.

Moreover, because defendants' allegedly tortious behavior occurred in the employment setting, Illinois law "strictly demands" that Lewis show that defendants engaged in "extreme and outrageous behavior." *See Hamros*, 894 F.Supp. at 1180. " 'In employment situations, personality conflicts, job performance evaluations, or job transfers are unavoidable and often result in stress. However, if such stress formed the basis for the tort of intentional infliction of emotional distress, virtually every employee would have a cause of action.' " *Hamros*, 894 F.Supp. at 1180 (quoting *Miller v. Equitable Life Assurance Society*, 181 Ill.App.3d 954, 957, 130 Ill.Dec. 558, 560, 537 N.E.2d 887, 889 (1st Dist.1989)). Instead of clearly showing extreme and outrageous behavior by defendants, Lewis' complaint appears to allege the type of situation against which *Hamros* and *Miller* warn.

■ Lewis' complaint also fails to allege the necessary state of mind of the defendants to hold them liable for intentional infliction of emotional distress. Lewis alleges that Cotton created and Ameritech condoned a hostile and intolerable work environment, and thereby caused Lewis to suffer serious emotional distress, which was "reasonably foreseeable" to Cotton and Ameritech. (Compl. ¶¶ 26, 32.) Thus, Lewis' complaint itself precludes his intentional infliction of emotional distress claim. A defendant must *intend* to cause, or *recklessly disregard* the probability of causing, emotional distress. *See Hamros*, 894 F.Supp. at 1180 (citing *Davis*, 66 Ill.2d at 89–90, 4 Ill.Dec. at 654, 360 N.E.2d at 767). It is not enough that the defendant's causing emotional distress to the plaintiff was simply "reasonably foreseeable" to the defendant, as Lewis alleges.

■ Lewis' conclusory allegations that Cotton's discriminatory conduct was "intentional, willful, reckless, extreme and outrageous," (Compl. ¶ 25), and that Ameritech's "intentional acts of harassment and discrimination" caused Lewis severe emotional distress, do not save his complaint. "Even under the liberal notice pleading standards of the Federal Rules, a complaint must nonetheless state a cause of action. To do so it must allege all the elements of the particular cause of action." *Hamros*, 894 F.Supp. at 1180 (citing *Estate of Cassara v. State of Illinois*, 853 F.Supp. 273, 276 (N.D.Ill.1994) (complaint must state either direct or inferential allegations concerning all material elements necessary to recover under the relevant legal theory)).

Beyond Lewis' conclusory allegations, nothing in Count Three or Four supports a cause of action for intentional infliction of emotional distress. Thus, Lewis has failed to meet even the liberal notice pleading standards under the Federal Rules of Civil Procedure.

Accordingly, the court finds that Lewis has failed to state a claim for intentional infliction of emotional distress, and therefore grants defendants' motion to dismiss Counts Three and Four.

Ameritech also contends that Count Four must be dismissed because the Illinois Worker's Compensation Act, 820 ILCS 305/1–305/30, provides the exclusive remedy for a plaintiff to recover for intentional infliction of emotional distress. Because the court already has decided that Count Four fails to state a claim, the court need not address this argument.

### III. CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss, and dismisses Counts Three and Four of plaintiff's complaint. Because no counts remain against Cotton, she is dismissed from the case as a party-defendant.