**Carlos ROSAS, Plaintiff,**

v.

**BB HOLDINGS PARNTERSHIP, and Sherrod Leftwich, Defendants.**

**No. 04–CV–0465–MJR.**

United States District Court, S.D. Illinois.

March 28, 2005.

Daniel K. Juncker, Daniel K. Juncker, PC, Generally Admitted, Belleville, IL, for Carlos Rosas, Plaintiff.

James N. Foster, Jr., McMahon, Berger et al., Mary Carter Martin, McMahon, Berger et al., St. Louis, MO, for BB Holdings Partnership doing business as TGI Friday's, Sherrod Leftwich, Defendants.

### MEMORANDUM and ORDER

REAGAN, District Judge.

On May 20, 2004, Plaintiff Carlos Rosas filed a four-count complaint against Defendants BB Holdings Partnership doing business as TGI Friday's (BB Holdings) and Sherrod Leftwich in the Circuit Court of Madison County, Illinois, alleging the two Defendants discharged Rosas from his position at TGI Friday's in retaliation for pursing a workers' compensation claim (Doc. 2). Count One alleges retaliatory discharge against BB Holdings, Rosas' former employer. Count Two alleges retaliatory discharge against Leftwich, Rosas' former supervisor. Count Three is a claim for punitive damages against BB Holdings. Count Four is a claim for punitive damages against Leftwich.

Defendants then removed this matter to this District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1441(a) invoking this Court's jurisdiction under the federal diversity statute, 28 U.S.C. § 1332 (Docs. 1, 17). However, for Defendants to be able to remove this matter, they need to demonstrate that Leftwich was fraudulently joined as Leftwich's citizenship defeats removal. As a result, a series of motions have been filed in this matter, some in support of this Court's jurisdiction and others attempting to divest this Court of jurisdiction. The Court will address each motion once it establishes whether it enjoys subject matter jurisdiction over this matter.

### 1. Whether this Court enjoys subject matter jurisdiction over this matter.

Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.1997). Further, Section 1441(b) requires that a civil action for which the district court has original jurisdiction under 28 U.S.C. § 1332 can be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In the case at bar, the pleadings indicate that the amount in controversy require-

ment has been met. However, as both Rosas and Leftwich are Illinois citizens, this Court lacks subject matter jurisdiction over this matter as diversity of citizenship is not complete unless Leftwich was fraudulently joined.[1] As a result, the day after filing their first notice of removal in which Defendants claim Leftwich was fraudulently joined, Defendants filed a motion to dismiss Leftwich (Doc. 4) and memorandum in support (Doc. 5) pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

This Court directed Rosas to file a memorandum addressing the issue of fraudulent joinder (Doc. 8). Prior to Rosas filing her memorandum addressing fraudulent joinder, Rosas filed a motion for leave to file an amended complaint so as to bring a claim for intentional inflection of emotional distress under Illinois law against Leftwich (Doc. 9).[2] Rosas then responded to Defendants' motion to dismiss (Doc. 10) by incorporating her fraudulent joinder memorandum that was filed concurrently with her motion to remand (Doc. 14). Defendants then filed a brief that: (1) responded to Rosas' motions for leave to file an amended complaint, (2) responded to Rosas' motion to remand, and (3) replied to Rosas' response to their motion to dismiss (Doc. 18).

■ To ascertain whether it enjoys subject matter jurisdiction over this matter, he Court will first address whether Leftwich was fraudulently joined. A party is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir.1993). Defendants must clear a high hurdle to dem-

onstrate fraudulent joinder. They must show that, after resolving all issues of fact and law in favor of Rosas, Rosas cannot establish a cause of action against the in-state defendants. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992).

■ In *Schwartz v. State Farm Mutual Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir.1999), the Seventh Circuit held that joinder is fraudulent "and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id., quoting Poulos*, 959 F.2d at 73. In addition to the allegations contained in the parties' pleadings, the court may consider "summary judgement-type evidence," including depositions and affidavits, in determining whether a party has been fraudulently joined. *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F.Supp.2d 813, 815–16 (N.D.Ill.2003).

Defendants contend that Rosas has no reasonable probability of recovery against Leftwich, Rosas' supervisor, as Rosas cannot state a claim for retaliatory discharge against Leftwich as a discharge claim may only be brought against Rosas' employer, BB Holdings. This Court agrees.

■ To state a valid retaliatory discharge claim, an employee must show that his employer dismissed him in retaliation for his activities, and that the dismissal was in contravention of a clearly mandated public policy. *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 134, 52 Ill. Dec. 13, 421 N.E.2d 876 (1981). In the cases which have allowed a retaliatory discharge action to be maintained, the party sued has been the plaintiff's employer. *See e.g., Price v. Carmack Datsun, Inc.*, 109 Ill.2d 65, 92 Ill.Dec. 548, 485 N.E.2d

---

1. Diversity of citizenship exists between Rosas, an Illinois citizen, and BB Holdings, a Missouri citizen. *See* Doc. 17.

2. Less than a week later, Rosas filed a duplicate motion for leave to amend at Doc. 16.

359 (1985); *Wheeler v. Caterpillar Tractor Company,* 108 Ill.2d 502, 92 Ill.Dec. 561, 485 N.E.2d 372 (1985). However, in the case at bar, Rosas brings suit against both his supervisor and her employer. This Court has found no Illinois case which has held that anyone other than an individual's employer is a proper party defendant in a retaliatory discharge action. As Leftwich is not Rosas' employer, the Court finds that Leftwich was fraudulently joined, and dismisses Count Two and Counts Four against Leftwich. Accordingly, the Court **GRANTS** Defendants' motion to dismiss (Doc. 4).

As the Court finds that Leftwich was fraudulently joined, the Court has subject matter jurisdiction over this matter as the requirements of 28 U.S.C. 1332 were met at the *time* of removal. *See Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir.1997)(stating that the question of whether subject matter jurisdiction exists to justify removal is determined by "looking at the complaint as it existed at the time the petition for removal was filed."). Accordingly, Rosas' motion to remand premised on the fact that diversity of citizenship is not complete as both Rosas and Leftwich were Illinois citizens at the time of removal is without merit. As a result, the Court DENIES Rosas' motion to remand (Doc. 14).

**2. Rosas' motion for leave to file an amended complaint.**

■ The Court can only assume that Rosas realized her retaliatory discharge and damages claims against Leftwich were going to fail, and as a result, filed her motions for leave to amend to bring a claim for intentional infliction of emotional distress against Leftwich (Docs. 9 and 16). Further, Rosas, operating under the assumption that this Court would would grant him leave to amend, asserts that the intentional infliction of emotional distress claim against Leftwich divests this Court

of jurisdiction. While Rosas is correct in that FEDERAL RULE OF CIVIL PROCEDURE 15(a) provides that courts should grant leave to amend freely "when justice so requires," the United States Court of Appeals for the Seventh Circuit has held that leave to amend should be denied where there is undue delay, bad faith, dilatory motive or if the amendment would be futile or result in undue prejudice to the opposing party. *Park v. City of Chicago,* 297 F.3d 606, 612 (7th Cir.2002). Defendants argue that Rosas' proposed amendment is futile. Therefore, this Court must determine whether Rosas has stated a valid cause of action for intentional infliction of emotional distress against Leftwich. This requires the same analysis as the Court uses when deciding a Rule 12(b)(6) motion to dismiss.

The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Associates, Inc. v. Chicago Housing Auth.,* 892 F.2d 583, 586 (7th Cir.1989). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences. *Echevarria v. Chicago Title & Trust Co.,* 256 F.3d 623, 625 (7th Cir.2001), *citing Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir.2001).

Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Alper v. Altheimer & Gray,* 257 F.3d 680, 684 (7th Cir.2001), *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *and Veazey v. Communications & Cable of Chicago, Inc.,* 194 F.3d 850, 854 (7th Cir.1999). *Accord Galdikas v. Fagan,* 342 F.3d 684, 686 (7th Cir.2003)("Dismissal is proper if it appears beyond doubt that

the plaintiffs cannot prove any set of facts entitling them to relief.").

■ To state a cause of action for intentional infliction of emotional distress under Illinois law, Rosas must plead facts showing that: (1) Leftwich's conduct was extreme and outrageous; (2) Leftwich either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) Leftwich's conduct actually caused severe emotional distress. *Welsh v. Commonwealth Edison Co.*, 306 Ill.App.3d 148, 239 Ill.Dec. 148, 713 N.E.2d 679 (1999); *McGrath v. Fahey*, 126 Ill.2d 78, 127 Ill. Dec. 724, 533 N.E.2d 806 (1988). Whether conduct is extreme and outrageous is evaluated on an objective standard based on all of the facts and circumstances. *Fahey*, 127 Ill.Dec. 724, 533 N.E.2d at 806. Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions or trivialities." *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765 (1976). Liability is attached only in circumstances where the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Public Finance Corp.*, 66 Ill.2d 85, 4 Ill. Dec. 652, 360 N.E.2d 765, *quoting* Restatement (Second) of Torts § 46, Comment d (1965). The distress inflicted must be so severe that no reasonable person could be expected to endure it. *Fahey*, 127 Ill.Dec. 724, 533 N.E.2d at 806.

In the case at bar, Rosas seeks to bring a cause of action for intentional infliction of emotional distress against Leftwich based on his allegations that Leftwich's conduct was intended to subject Rosas to work related stress and pressure, and eventually his termination. In the proposed amended complaint, Rosas alleges he sustained a work injury arising out of the course and scope of his employment. Rosas states he notified Leftwich, his supervisor, of his injury and his intention to seek medical treatment and assert his rights under the Illinois Worker's Compensation Act, which Rosas did. As a result, Rosas alleges in his proposed amended complaint: "[T]hat on or about September 5, 2003 and prior thereto, the Defendant, Sherrod Leftwich, intentionally devised a plan and engaged upon a course of conduct designed to harass, discriminate against and terminate the job duties of the Plaintiff, by reasons of the Plaintiff's aforesaid assertion of rights under the Illinois Worker's Compensation Act."

■ In sum, according to Rosas' complaint, he was harassed and discriminated against, all in retaliation for having filed a workmen's compensation claim. If Rosas' allegations are true, BB Holdings could be find liable for retaliatory conduct. However, "in the absence of conduct calculated to coerce an employee to do something illegal, courts have generally declined to find an employer's retaliatory conduct sufficiently extreme and outrageous as to give rise to an action for intentional infliction of emotional distress." *Welsh*, 713 N.E.2d at 684. This is because "if the anxiety and stress resulting from discipline, job transfers, or even terminations could form the basis of an action for emotional distress, virtually every employee would have a cause of action." *Id.; see also Miller v. Equitable Life Assurance Society of the United States*, 181 Ill.App.3d 954, 130 Ill. Dec. 558, 537 N.E.2d 887 (1989); *Harris v. First Federal Savings & Loan Ass'n*, 129 Ill.App.3d 978, 85 Ill.Dec. 89, 473 N.E.2d 457 (1984).

Therefore, the Court finds that the conduct, as alleged in Rosas' complaint, is not such as to warrant extreme and outrageous conduct. The conduct alleged is such workplace conduct that the Illinois courts consistently find insufficient to support a claim for intentional infliction of emotional distress. As well, Rosas' com-

plaint is insufficient as to his allegations he suffered any distress that was so severe that no reasonable man could be expected to endure it. *Cf. Welsh*, 713 N.E.2d 679 **(finding allegations of demotions, transfers, assignments of demeaning tasks, harassment, intimidation, threats of termination in retaliation for reporting safety concerns or to prevent such reports are insufficient to state a claim for intentional infliction of emotional distress).** Accordingly, the Court **DENIES** Rosas' motions for leave to file an amended complaint (Docs. 9, 16).

**3. Rosas' motion for voluntary dismissal of this matter.**

█ In what seems to be another attempt to divest this Court of jurisdiction, Rosas filed a motion for voluntary dismissal without prejudice (Doc. 20). Defendants responded in opposition (Doc. 21). Rosas' motion does not state pursuant to what authority he seeks voluntary dismissal. However, the Court construes the motion as being filed pursuant to either FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(i) or (ii) as Rosas did not ask for this matter to be dismissed by the Court pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2). Yet Rule 41(a)(1)(i) does not allow a plaintiff to unilaterally dismiss a matter after the defendant(s) have filed an answer. As Defendants have filed their answer, Rule 41(a)(1)(i) is inapplicable. Rule 41(a)(1)(ii) is likewise inapplicable as it provides for dismissal when a stipulation signed by all parties who have appeared in the action has been filed, and Doc. 20 is signed only by Rosas. As Rule 41(a)(1) is inapplicable, the Court **DENIES** Rosas' motion for voluntary dismissal (Doc. 20).

### Conclusion

The Court **FINDS** that Defendant Leftwich was fraudulently joined and **DISMISSES** Defendant Leftwich from this matter. Consequently, the Court finds it enjoys subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Defendant Leftwich (Doc. 4) and **DENIES** Plaintiff Rosas' motion to remand (Doc. 14).

As well, the Court **DENIES** Rosas' motions for leave to file an amended complaint so as to state a claim for intentional infliction of emotional distress against Defendant Leftwich (Docs. 9, 16). Further, the Court **DENIES** Rosas' motion for voluntary dismissal (Doc. 20).

The Court notes that Rosas has filed an amended motion for voluntary dismissal without prejudice pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2) at Doc. 22. The Court is not addressing that motion in this Order as Defendants response time has not expired.

**IT IS SO ORDERED.**